UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AG EQUIPMENT COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-CV-0375-CVE-JFJ |
| | ) |
| IE SERVICES (Pvt.) LTD., | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court are defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), 8(a), and 9(b) (Dkt. # 18), and plaintiff's motion to amend complaint (Dkt. # 26). This case arises out of an alleged breach of a settlement agreement, but a dispute has arisen as to the identity of the party or parties to the settlement agreement. Plaintiff AG Equipment Company (AG) filed this case alleging that "IES Petro Allied Solutions (Pvt.) Ltd. a/k/a IE Services (Pvt.) Ltd." breached a covenant not to compete contained in a settlement agreement. Dkt. # 2-1, at 2. However, IE Services (Pvt.) Ltd. (IES) and Petro Allied Solutions (Pvt.) Ltd. (Allied) argue that they are separate legal entities.

AG states that it sells compressors and related parts to businesses around the world. Id. AG claims that it entered into an agreement with IES Petro Solutions (Pvt.) Ltd. a/k/a IE Services (Pvt.) Ltd. (IES Petro),[1] a business organized under the laws of Pakistan, under which IES Petro would act as an agent for AG for the purpose of bidding on contracts in Pakistan. Id. On December 28, 2016,

---

[1] The Court will refer to the party named in plaintiff's petition as "IES Petro," even though Allied and IES dispute that such an entity actually exists, to avoid confusion in describing the factual allegations of the petition. Allied and IES have proceeded as separate entities and the Court will refer to them as separate entities in this Opinion and Order.

AG and IES Petro agreed that IES Petro would act as AG's agent for bidding on a contract with ENGRO Pakistan, but a dispute arose over the commission to be paid to IES Petro. Id. The parties reached a settlement agreement, and AG states that the parties agreed that the settlement agreement was governed by Oklahoma law and that IES Petro "submitted to the jurisdiction of the courts in the State of Oklahoma." Id. AG also claims that IES Petro agreed that it would not directly or indirectly compete with AG concerning ENGRO Fertilizer, Ltd. until March 31, 2019, and AG paid IES Petro $75,000 pursuant to the settlement agreement. Id.

AG claims that IES Petro breached the non-competition provision of the settlement agreement, even though IES Petro accepted payment of $75,000 from AG. Id. at 3. On April 19, 2018, AG filed this case in Tulsa County District Court, alleging claims against IES Petro of breach of contract, money had and received, and fraud. IES Petro filed a notice of removal (Dkt. # 2) on the basis of diversity jurisdiction. Allied filed a motion to dismiss, arguing that the Court lacked personal jurisdiction over it and that it was not a proper party. Dkt. # 16. IES filed a motion to dismiss for failure to state a claim upon which relief can be granted, based primarily on IES' argument that the non-competition provision of the settlement agreement is unenforceable. Dkt. ## 18, 19. The Court directed the defendant to file a notice of party name correction, and defense counsel filed a notice of name correction identifying IE Services (Pvt.) Ltd. as the correct defendant. Dkt. ## 20, 21. Based on the notice of party name change, the Court found that IES was the proper defendant, and Allied's motion to dismiss (Dkt. # 16) was moot. AG has filed a motion to amend seeking leave to file an amended complaint asserting claims against IES and Allied, because AG did not realize when it negotiated the settlement agreement that IES and Allied were separate entities. Dkt. # 26, at 2.

The Court will initially consider plaintiff's motion for leave to file an amended complaint clarifying the identity of the defendant or defendants. Dkt. # 26. Under Fed. R. Civ. P. 15(a)(2), after the opposing party has served a responsive pleading, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006). The decision to grant leave to amend is within the discretion of the district court but, when leave is sought, it should be "freely given when justice so requires." Bradley v.Val-Majias, 379 F.3d 892, 900-91 (10th Cir. 2004). Leave to amend may be denied if the proposed amendment would be futile and would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc., 175 F.3d 848, 859 (10th Cir. 1999). Denial of a motion to amend may also be appropriate if the moving party unduly delayed when seeking leave to amend and has no adequate explanation for the delay. Minter, 451 F.3d at 1206. "In the Tenth Circuit, untimeliness alone is an adequate reason to refuse leave to amend." Duncan v. Manager, Dep't of Safety, City and County of Denver, 397 F.3d 1300, 1315 (10th Cir. 2005).

Plaintiff argues that it did not know that it was dealing with two separate entities when it entered the settlement agreement, and it requests leave to file an amended complaint asserting claims against "IE Services (Pvt.) Ltd." and "Petro Allied Solutions (Pvt.) Ltd." Dkt. # 26, at 1. The parties to the settlement agreement that gives rise to this case are AG and "IES Petro Allied Solutions (Pvt.) Ltd. a/k/a IE Services (Pvt.) Ltd.," and AG states that it believed it was dealing with a single legal entity when the settlement agreement was executed. Dkt. # 17-2, at 2; Dkt. # 26, at 2. Plaintiff claims that the first time it learned that Allied and IES were separate parties was when Allied and IES filed separate corporate disclosure statements and motions to dismiss in this case. Plaintiff

3

acknowledges that Allied will likely renew its motion to dismiss for lack of personal jurisdiction, but it argues that this motion would be futile if the forum selection clause in the settlement agreement were enforceable against Allied. Dkt. # 26, at 4. IES responds that there is substantial evidence showing that plaintiff knew that it was dealing with two separate companies throughout its business relationship with Allied and IES. Dkt. # 27, at 2-3. IES also argues that the proposed amendment would be futile, because the settlement funds were paid directly to IES, and Allied was not a party to the settlement agreement. Id. at 4.

The Court finds that plaintiff should be permitted to file an amended complaint. Based on the parties' filings, it is unclear whether the correct defendant or defendants are before the Court, and this should be resolved before the Court considers whether IES should be dismissed as a party. It would be a waste of the Court's and the parties' resources to rule on IES's motion to dismiss before allowing plaintiff to file an amended complaint, because plaintiff will likely renew its motion to amend following that ruling. Plaintiff is advised that the Court makes no finding concerning whether IES, Allied, or both are proper parties, or whether IES or Allied will be subject to the forum selection clause contained in the settlement agreement. The language of the parties' settlement agreement, not plaintiff's allegations, will control whether IES and Allied are both proper parties in this case. IES's motion to dismiss (Dkt. # 18) is moot in light of the Court's decision to allow plaintiff to file an amended complaint. Davis v. TXO Prod. Corp., 929 F.2d 1515, 1517 (10th Cir. 1991).

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend complaint (Dkt. # 26) is **granted**, and plaintiff's amended complaint is due no later than **January 29, 2019**.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), 8(a), and 9(b) (Dkt. # 18) is **moot**.

**DATED** this 22nd day of January, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE